**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NASH STEPHENS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-CV-05534-ELR |
| | * | |
| GUIDEONE MUTUAL INSURANCE | * | |
| COMPANY, EARL BURKETT, and | * | |
| TERRE WOFFORD, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**O R D E R**

Presently before the Court are several matters. The Court's rulings and conclusions are set out below.

## I.    Background

This case arises from Plaintiff Nash Stephens' allegations against Defendants GuideOne Mutual Insurance Company ("GuideOne"), Earl Burkett, and Terre Wofford concerning contractual arrangements related to Plaintiff's employment as an insurance sales agent for Defendant GuideOne. See Compl. [Doc. 1-1]. Specifically, Plaintiff alleges that Defendants abruptly deprived him of his "vested" amount, which is akin to a retirement fund, in violation of their agreements. See id.

As a result, on November 1, 2019, Plaintiff filed this action against Defendants in the State Court of Douglas County, Georgia, seeking monetary damages for, *inter alia*, Plaintiff's loss of enjoyment and ownership of his "vested" account. Id. In the Complaint, Plaintiff brings seven (7) counts: (1) fraud; (2) conversion; (3) breach of contract; (4) unjust enrichment; (5) negligent infliction of emotional distress; (6) unconscionability; and (7) punitive damages. See id.

Defendants GuideOne, Terre Wofford, and Earl Burkett were properly served on November 15, 2019; November 20, 2019; and December 10, 2019, respectively. [See Docs. 10-3, 10-4, 10-5]. On December 9, 2019, Defendant GuideOne removed the case to this Court pursuant to this Court's diversity jurisdiction. Notice of Removal [Doc. 1]. Upon removal, the three (3) Defendants filed the instant Motion to Dismiss. [Doc. 4]. While the Motion to Dismiss was pending, Plaintiff filed the instant Motion to Remand. [Doc. 10]. Having been fully briefed, these motions are now ripe for the Court's review.

## II.    Motion to Remand [Doc. 10]

The Court turns first to the jurisdictional issue presented in Plaintiff's Motion to Remand. [Doc. 10]. Plaintiff contends that this Court should remand this case due to a lack of subject matter jurisdiction. [Id.] Specifically, Plaintiff contends that because he and Defendant Wofford are both citizens of Georgia, there is not complete diversity among the Parties, a requirement for diversity of citizenship

jurisdiction.[1] [Id.] In response, Defendants contend that Defendant Wofford was fraudulently joined.

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). When a case is removed based upon diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), or if one of the defendants is a citizen of the state in which the suit is filed, § 1441(b). However, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). In such a case, the plaintiff is said to have "fraudulently joined" the non-diverse defendant. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011).

---

[1] Plaintiff appears to make an alternative argument that this case should be remanded because Defendants Burkett and Wofford did not consent to its removal. [See Doc. 10-2 at 9]. 28 U.S.C. § 1446(b)(2)(A) states: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." While this "unanimity rule" must be strictly interpreted and enforced, the Eleventh Circuit has refused to "establish a wooden rule." Stone v. Bank of N.Y. Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015). In fact, this Court recognizes other forms of manifested consent, such as filing a motion to dismiss after the removal of the case. See id. ("[W]hen a defendant files an answer or a motion to dismiss without having signed the notice of removal, a sufficient basis exists for concluding that the defendant consented to removal because he is purposefully availing himself of a court's mechanisms."). Here, Defendants Burkett and Wofford joined in filing the instant Motion to Dismiss with Defendant GuideOne, evidencing their consent. [See Doc. 4].

> To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). This burden is a "heavy one." Id.

Stillwell, 663 F.3d at 1332.

> "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440–41 (11th Cir. 1983). In other words, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Stillwell, 663 F.3d at 1333.

Finally, "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998); see also Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (noting that for challenges to subject matter jurisdiction, "the critical time is the date of

4

removal"). Because Defendant GuideOne removed the action to this Court, it bears the heavy burden of establishing that Defendant Wofford was fraudulently joined. Stillwell, 663 F.3d at 1332.

Defendants contend that Defendant Wofford is fraudulently joined because Plaintiff cannot sustain the two (2) claims asserted against her—fraud and negligent infliction of emotional distress. [See Doc. 12-2]. As an initial matter, Plaintiff makes no response to Defendants' argument concerning the negligent infliction of emotional distress claim. In fact, in his response to Defendants' Motion to Dismiss, discussed *infra*, Plaintiff concedes that he does not state a viable claim for this count. [See Doc. 11 at 17]. Accordingly, in its assessment of whether Defendant Wofford was fraudulently joined, the Court only discusses Plaintiff's claim against her for fraud.

To establish a fraud claim under Georgia law, a plaintiff must allege: (1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance. Next Century Commc'ns Corp. v. Ellis, 318 F.3d 1023, 1027 (11th Cir. 2003); Smiley v. S & J Invs., Inc., 580 S.E.2d 283, 289 (Ga. Ct. App. 2003). Additionally, O.C.G.A. § 9-11-9(b) requires that all allegations of fraud be made with particularity and not averred generally. As such, in Georgia, a plaintiff must provide the who, what, and when of the alleged fraud.

See Z-Space, Inc. v. Dantanna's CNN Center, LLC, 825 S.E.2d 628, 638 (Ga. Ct. App. 2019) (finding that the plaintiff did not state a claim for fraud when it did not allege specific documents, times, or dates in its pleading); see also Fairfax v. Wells Fargo Bank, N.A., 718 S.E.2d 16, 18 (Ga. Ct. App. 2011) ("It is well settled that a general allegation of fraud amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists.   Issuable facts must be charged.").

Here, in his Complaint, Plaintiff lists the following allegations that are specific to Defendant Wofford:

> ¶ 10 - That one of the primary inducements of GuideOne, by and through its agents, employees and representatives, including Earl Burkett and Terre Wofford, and which was relied upon by the Plaintiff was what GuideOne frequently referred to as a "'pay for performance' approach to [their] Career Agent commission structure;"
> ¶ 17 – That Earl Burkett and Terre Wofford, acting as the Sales Directors for GuideOne for the state of Georgia, along with other agents of GuideOne, continued to encourage, induce and incentivize Plaintiff with frequent references to the value of the "vesting" program, and Plaintiff relied upon such representations[.]

Compl. ¶¶ 10, 17.[2]  In other words, as to Defendant Wofford, Plaintiff only alleges that she referenced Defendant GuideOne's "pay for performance" approach and encouraged, induced, and incentivized Plaintiff using the alleged value of the vesting

---

[2] In his briefing, Plaintiff also includes paragraphs eleven (11) and twelve (12) as containing allegations against Defendant Wofford. [See Doc. 14 at 6].  However, these paragraphs do not mention Defendant Wofford; and even if they had, it does not alter the Court's findings herein.

program.  See id.  Plaintiff neglects to include the precise statements Defendant Wofford allegedly made, when they were made, and how those statements were fraudulent.  Accordingly, Plaintiff has not plead his fraud claim against Defendant Wofford with particularity, and thus, the claim fails.  See Z-Space, Inc., 825 S.E.2d at 638.

Because Plaintiff's fraud claim against Defendant Wofford fails, and Plaintiff concedes that he does not state a claim against her for negligent infliction of emotional distress, there is no possibility that a state court would find that Plaintiff's Complaint sets forth a cause of action against Defendant Wofford.  As such, the Court finds that Defendant Wofford was fraudulently joined, and the undersigned must ignore her presence with regard to diversity.  See Henderson, 454 F.3d at 1281.  Omitting Defendant Wofford's presence, the Court determines that there is complete diversity among the Parties, and subject matter jurisdiction exists.[3]

## III.   Motion to Dismiss [Doc. 4]

Having determined that this Court has jurisdiction to hear this case, the Court now reaches Defendants' Motion to Dismiss.  [Doc. 4].  Defendants move to dismiss the entirety of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

---

[3] For reference, the Parties do not dispute that the amount in controversy is met and that Plaintiff is a citizen of Georgia, Defendant GuideOne is a citizen of Iowa, and Defendant Burkett is a citizen of Florida.  See Notice of Removal at 4; Compl. ¶¶ 1–3.

7

12(b)(6). [Id.]   The Court first sets out the legal standard before addressing the Parties' arguments.

**A. Legal Standard**

When considering a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint drawing all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); U.S. v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013) (per curiam).   Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S 662, 678 (2009) (quoting Twombly, 550 U.S. at 555); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007).

Further, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570).  Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This so-called "plausibility standard" is not akin to a probability requirement; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. Id.

## B. Analysis

Defendants move to dismiss each of the seven (7) counts asserted by Plaintiff in his Complaint. [Doc. 4]. Plaintiff's seven counts are for (1) fraud; (2) conversion; (3) breach of contract; (4) unjust enrichment; (5) negligent infliction of emotional distress; (6) unconscionability; and (7) punitive damages. See Compl. As noted above, Plaintiff does not dispute that his claim for negligent infliction of emotional distress should be dismissed. [See Doc. 11 at 17]. Likewise, Plaintiff concedes that his claim for unconscionability should also be dismissed. [See id.] Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiff's counts for negligent infliction of emotional distress and unconscionability. The Court discusses the remaining counts below.[4]

### 1. Count 1 – Fraud

Defendants first move to dismiss Plaintiff's count one for fraud. As noted above, to establish a fraud claim under Georgia law, a plaintiff must allege: (1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance. Next Century, 318 F.3d at 1027;

---

[4] In their Motion to Dismiss, Defendants cite to both Georgia and Iowa law, stating that "there may be a choice of law question." [Doc. 4-1 at 4]. Neither Defendants nor Plaintiff, who also cites to Iowa law as a result of Defendants' assertion, present the potential choice of law question to the Court. However, since both Parties concede that the law on the relevant issues is substantially the same under both Georgia and Iowa authority, the Court cites only to Georgia law herein.

Smiley, 580 S.E.2d at 289. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In American Dental Association v. Cigna Corporation, the Eleventh Circuit reiterated that, "pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)) (internal quotation marks omitted). Stated differently, "the plaintiff must state the who, what, when[,] where, and how." Jenkins v. BAC Loan Servicing, LP, 822 F. Supp. 2d 1369, 1380 (M.D. Ga. 2011).

Finally, the Court notes that it is important to keep in mind the purposes of Rule 9(b). Rule 9(b) serves to "provide defendant with fair notice of claim, to safeguard defendant's reputation, and to protect defendant against the institution of strike suits," and works as a "screening function, standing as gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." United States ex rel. Rigsby v. State Farm Fire & Cas. Co., 794 F.3d 457, 467 (5th Cir. 2015) (citation and quotations omitted); see also United States ex rel. Atkins v. McInteer,

10

470 F.3d 1350, 1359–60 (11th Cir. 2006) (describing purposes of Rule 9(b)). Further, Rule 9(b) must be applied in a "nuanced" fashion on a "case-by-case" basis. United States ex rel. Mastej v. Health Mgmt. Assoc., Inc., 591 F. App'x 693, 704 (11th Cir. 2014).

Plaintiff's Complaint alleges fraud against all three (3) Defendants. Having already determined, *supra*, that Plaintiff's fraud claim fails as to Defendant Wofford, the Court turns its attention to Defendants Burkett and GuideOne, respectively.

### a. Fraud Against Defendant Burkett

Like Defendant Wofford, the totality of Plaintiff's specific allegations against Defendant Burkett are contained within the following two (2) paragraphs:

> ¶ 10 - That one of the primary inducements of GuideOne, by and through its agents, employees and representatives, including Earl Burkett and Terre Wofford, and which was relied upon by the Plaintiff was what GuideOne frequently referred to as a "'pay for performance' approach to [their] Career Agent commission structure;"
>
> ¶ 17 – That Earl Burkett and Terre Wofford, acting as the Sales Directors for GuideOne for the state of Georgia, along with other agents of GuideOne, continued to encourage, induce and incentivize Plaintiff with frequent references to the value of the "vesting" program, and Plaintiff relied upon such representations[.]

Compl. ¶¶ 10, 17. In other words, Plaintiff makes the same allegations as to Defendant Burkett as he does Defendant Wofford, namely that Defendant Burkett referenced Defendant GuideOne's "pay for performance" approach and encouraged, induced, and incentivized Plaintiff with regard to the value of the vesting program. See id. Plaintiff omits what precise statements Defendant Burkett allegedly made,

11

when they were made, and how those statements were fraudulent. Accordingly, Plaintiff fails to plead his fraud claim against Defendant Burkett with particularity, making the claim fail. See Z-Space, Inc., 825 S.E.2d at 638.

### b. Fraud Against Defendant GuideOne

The Court next assesses Plaintiff's fraud allegations against Defendant GuideOne. Defendants contend that Plaintiff fails to state a fraud claim against Defendant GuideOne because Plaintiff does not plead his claim with particularity, there was no misrepresentation, and even if there was, Plaintiff was not justified in relying upon it. [Doc. 4-1 at 7–11].

The Court disagrees. Accepting all allegations in the Complaint as true, Plaintiff contends that Defendant GuideOne repeatedly represented the guaranteed nature of its vesting program and frequently reiterated that it would be available at the time Plaintiff left or retired from GuideOne. See Compl. ¶¶ 10, 12, 15–16, 27. Plaintiff also alleged that this representation was intended to induce Plaintiff to become and remained employed with GuideOne. See id. Plaintiff submits that the representation was actually false, and Defendant GuideOne knew of its falsity when it made one such representation in September of 2017. See id. ¶¶ 18, 29. Finally, Plaintiff alleges that he reasonably relied on these representations and was damaged by them. See id. ¶¶ 28, 31. Upon review, the Court finds these allegations sufficient

12

to satisfy the heighted pleading standards of Rule 9(b), and thus, denies Defendants' motion as to this claim.

In sum, the Court finds that Plaintiff states a viable claim for fraud against Defendant GuideOne but fails to state a claim for fraud against Defendants Wofford and Burkett. However, despite that Plaintiff does not satisfy the pleading standards as to Defendants Wofford and Burkett, the Court declines to dismiss the fraud claims against them at this time. "In certain cases, where a complaint fails to include the requisite degree of particularity, the appropriate course of action is first to provide an opportunity to cure an otherwise defective complaint and order the plaintiff to replead its claims pursuant to Federal Rule of Civil Procedure 12(e)." Am. Gen. Life Ins. Co. v. Kleiner, No. 1:07-CV-0554-RLV, 2007 WL 4373977, at *2 (N.D. Ga. Dec. 11, 2007) (citing Wagner v. First Horizon Pharm. Corp., 464 F. 3d 1273, 1280 (11th Cir. 2006)). Accordingly, the Court permits Plaintiff the opportunity to amend his Complaint to provide a more definite statement of his claims for fraud against Defendants Wofford and Burkett.

### 2. Count 2 – Conversion

Next, Defendants move to dismiss Plaintiff's count two for conversion. In Georgia, conversion is the "unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or

13

an unauthorized appropriation." <u>Maryland Cas. Ins. Co. v. Welchel</u>, 356 S.E.2d 877, 880 (Ga. 1987).  To establish conversion, a plaintiff must show: "(1) title to the property or the right of possession; (2) actual possession in the other party; (3) demand for return of the property; and (4) refusal by the other party to return the property." <u>Trey Inman & Assocs. v. Bank of Am.</u>, 702 S.E.2d 711, 716 (Ga. Ct. App. 2010).  Money is generally not subject to a civil action for conversion.  <u>Taylor v. Powertel, Inc.</u>, 551 S.E.2d 765, 769 (Ga. Ct. App. 2001).  However, there is an exception to this rule for money which comprises a specific, separate, identifiable fund.  <u>See</u> <u>Unified Servs., Inc. v. Home Ins. Co.</u>, 460 S.E.2d 545, 549 (Ga. Ct. App. 1995).

Here, Defendants' sole argument for dismissal of Plaintiff's claim for conversion is that "Plaintiff bases his conversion claim on money." [Doc. 4-1 at 12].  However, as noted above, while claims for conversion usually cannot be based upon money, an exception exists for money that is "specific and identifiable."  <u>Unified Servs.</u>, 460 S.E.2d at 549.  Moreover, "[w]here the funds are earmarked for a specific purpose, like an insurance premium payment, the money is sufficiently identifiable for a conversion claim."  <u>Armstrong v. Ocwen Mortg. Co.</u>, No. CV-413-010, 2014 WL 1319389, at *3 (S.D. Ga. Mar. 28, 2014) (citing <u>Unified Servs.</u>, 460 S.E.2d at 549).

Upon review, the Court finds that Plaintiff's claim for conversion involves money that is sufficiently specific and identifiable. In his Complaint, Plaintiff identifies the specific sum of $338,346 that, as of September 2017, had been specially set aside for what Plaintiff contends was his retirement account. See Compl. ¶¶ 11, 15. This pleading meets the above standard, and thus, the Court denies Defendants' motion as to Plaintiff's claim for conversion.

### 3. Count 3 – Breach of Contract

Third, Defendants move to dismiss Plaintiff's claim for breach of contract. Pursuant to Georgia law, "[t]o establish a breach of contract claim, a party must prove: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) damages that the plaintiff suffered as a result of the breach." Alpha Balanced Fund, LLLP v. Irongate Performance Fund, LLC, 802 S.E.2d 357, 364 (Ga. Ct. App. 2017) (citation omitted). Accepting all allegations in Plaintiff's Complaint as true, Plaintiff contends that he and Defendant GuideOne were parties to a contractual agreement that guaranteed Plaintiff a "vested" amount upon his departure from Defendant GuideOne's employment. Compl. ¶¶ 10, 11, 12, 16, 40. Plaintiff goes on to allege that Defendant GuideOne breached that contract by "depriv[ing] . . . Plaintiff of the use, enjoyment, benefit and ownership of the rights afforded to him by [the] contractual obligations" and he was damaged as a result.

15

<u>Id.</u> ¶ 40.  These allegations are sufficient to state a claim for breach of contract, and thus, the Court denies Defendants' motion as to this claim.

### 4.  <u>Count 4 – Unjust Enrichment</u>

Fourth, Defendants move to dismiss Plaintiff's claim for unjust enrichment. Defendants' sole argument with regards to this claim is that because Plaintiff relies upon legal contracts between the Parties, he cannot simultaneously maintain a claim for unjust enrichment since such a claim applies only when there is no legal contract between the Parties.  [<u>See</u> Doc. 4-1 at 12–13].  However, "[t]his argument . . . ignores the fact that 'Georgia law . . . permits a plaintiff to proceed to trial on alternative theories of recovery.'"  <u>Campbell v. Ailion</u>, 790 S.E.2d 68, 74 (Ga. Ct. App. 2016) (citation omitted).  Moreover, Plaintiff alleges that the Parties agreed to certain arrangements, such as specific amounts, that were separate from, and not covered by, the contracts at issue.  Accordingly, the Court denies Defendants' motion as to Plaintiff's claim for unjust enrichment.

### 5.  <u>Count 7 – Punitive Damages</u>

Finally, Defendants move to dismiss Plaintiff's count seven for punitive damages, contending that it is a remedy, not a cause of action.  [Doc. 4-1 at 15]. Plaintiff responds that he is not alleging punitive damages as a cause of action in his Complaint; rather, he only included the request to ensure he had the opportunity to present his case for punitive damages should this matter be presented to a jury.

[Doc. 11 at 18].   Accordingly, the Court dismisses Plaintiff's count seven to the extent it alleges punitive damages as a separate claim.

## IV.   Summary

In sum, the Court denies Plaintiff's Motion to Remand [Doc. 10] and grants in part and denies in part Defendants' Motion to Dismiss.   [Doc. 4].   Specifically, the Court grants Defendants' motion as to the following counts:

- Count five (5) – negligent infliction of emotional distress;

- Count six (6) – unconscionability; and

- Count seven (7) – punitive damages.

The Court denies the motion as to the following counts:

- Count one (1) – fraud, as alleged against Defendant GuideOne;

- Count two (2) – conversion;

- Count three (3) – breach of contract; and

- Count four (4) – unjust enrichment.

Finally, the Court permits Plaintiff an opportunity to file an amended complaint to provide a more definite statement of his fraud claims against Defendants Wofford and Burkett, within twenty-one (21) days from the date of entry of this order.   Failure to file an amended complaint within the time period will result in dismissal of Plaintiff's claims for fraud against these Defendants.

## V.     Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand [Doc. 10] and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss as noted herein. [Doc. 4].  The Court **DIRECTS** Plaintiff to file an amended complaint providing a more definite statement of its fraud claims against Defendants Wofford and Burkett within twenty-one (21) days from the date of entry of this order.  Failure to file an amended complaint within the time period will result in dismissal of Plaintiff's claims for fraud against these Defendants.

**SO ORDERED**, this _21st_ day of April, 2020.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia

18